JOURNAL ENTRY AND OPINION
Appellant, Stanley Brown, is appealing his conviction for aggravated robbery. He asserts his counsel was ineffective. For the following reasons, we affirm.
Appellant was charged with one count of aggravated robbery and three counts of felonious assault. In discussing a plea bargain, appellant's counsel said he was having communication problems with appellant and asked the court to discuss the possible plea with appellant. The court told appellant the possible sentences. Appellant indicated he understood.
Counsel requested that appellant be referred for a psychiatric work-up. The judge stated that appellant had a psychiatric work-up last time he was in court, less than a year ago. The judge stated that appellant's condition has not deteriorated since the last work-up, and appellant agreed.
The plea bargain was again discussed. Appellant said his counsel discussed this with him, and he understood. Then, appellant indicated that his counsel did not tell him the plea bargain was to reduce the counts to second degree felonies for a maximum of eight years on each count. Appellant expressed that he did not commit the crimes charged and wished to go to trial.
The trial testimony was as follows: Frank Longar, Rick Starks and Bob Brady testified that they worked at T K Welding in the City of Cleveland, Ohio. When they were leaving work, they saw appellant taking CDs out of their boss's car. Appellant attempted to leave. Longar grabbed appellant. Appellant got loose, and Starks slammed him into a car. Appellant pulled a knife out of his coat pocket. The knife blade was open. Appellant waved the knife at Longar. The three co-workers eventually restrained appellant until the police arrived.
The three co-workers testified that the police discovered a large stone and a cell phone in appellant's possession. Their boss and the police officers also testified that these items were found on appellant's person.
Bruce Komandt, the boss of Longar, Starks and Brady, testified that he heard a scuffle in the parking lot. The employees told him that someone was stealing things out of his car. He looked outside and saw his employees chasing after the defendant. Komandt called the police.
On redirect, the prosecutor asked if Komandt gave appellant permission to take the CDs. Komandt said he did not. The court sustained an objection to this question and instructed the jury to disregard. After the prosecutor presented the court with case law, the court permitted counsel to recall Komandt to the stand to inquire whether he gave appellant permission to take the CDs.
Officer Connolly and Officer Kitchen testified that the knife found at the scene was a pocket knife. They felt the knife was capable of causing serious physical injuries or death.
One of the felonious assault counts was dismissed by the court. Appellant was found not guilty of the other two felonious assault counts, and guilty of aggravated robbery.
Appellant's sole assignment of error states:
 MR. BROWN WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL. (R. 10, 38, 55, 73-74, 95, 108, 103, 1113-114, 120, 136) U.S. CONST. AMEND. VI; OHIO CONST. ART I, SECTION 10.
To demonstrate ineffective assistance of counsel, appellant must show: (1) that counsel substantially violated an essential duty, and (2) appellant was prejudiced by counsel's errors. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, State v. Bradley (1989), 42 Ohio St.3d 136. Deference is given to the strategic decisions of counsel. Id. Prejudice occurs when there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, supra.
Appellant contends that counsel was ineffective because he failed to object when the court refused to order a psychiatric examination. Appellant has not demonstrated there was a reasonable probability he would be found incompetent. The record does not show that appellant was incompetent to stand trial. The record reveals that although appellant may have had some confusion about the plea, appellant eventually understood his options. He clearly expressed that he felt he was innocent, and wanted to go to trial. Appellant agreed that his condition had not changed since the last psychiatric work-up.
Appellant asserts his counsel was ineffective for failing to object to the testimony that a cell phone and a large stone were found in appellant's possession. Appellant asserts this testimony was irrelevant, cumulative and more prejudicial than probative. See Evid.R. 402, 403. Appellant states the testimony was prejudicial because it would cause the jurors to view him as criminal. Appellant conceded in opening statements that he committed a theft offense. This concession was a reasonable trial strategy. It was clear that appellant's possession of these objects was irrelevant to proving whether appellant used or brandished a knife. There was not a reasonable probability that, had this evidence not been presented, the jury would have found appellant not guilty of aggravated robbery.
Appellant asserts his attorney was ineffective because he conceded that the knife was a deadly weapon. Counsel stated that the knife was capable of inflicting death, but appellant did not use the knife. The fact that a knife is capable of inflicting death does not necessarily mean the knife is a deadly weapon. See R.C. 2923.11(A); State v. Cathel (1998),127 Ohio App.3d 408. The prosecution must also show that either: 1) the knife was designed or specifically adapted for use as a weapon, or 2) it was possessed, carried, or used as a weapon. Id. Thus, appellant's attorney conceded that the knife was capable of inflicting death but did not concede that the knife was a deadly weapon.
Finally, appellant claims his attorney was ineffective because he did not object to judicial misconduct. Appellant contends the judge sua sponte re-called a witness because the prosecutor did not prove certain elements. The record shows that the prosecutor attempted to present evidence of lack of permission on re-direct, but the court disallowed the evidence until being presented with case law. It was the prosecution, not the court, that raised the issue. Additionally, there was already sufficient evidence establishing the crime occurred in Cuyahoga County and that Komandt did not give appellant permission to take his property. Appellant's counsel was not ineffective for failing to object to the re-calling of the witness.
Appellant has not shown his counsel substantially violated an essential duty or that he was prejudiced by any error of counsel.
Accordingly, appellant's assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________ ANN DYKE, JUDGE:
DIANE KARPINSKI, A.J., AND KENNETH A. ROCCO, J., CONCUR.